IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                        CIV No. 15-818 GBW/CG

$40,101.00 IN UNITED STATES CURRENCY, *et al.*,

    Defendants In Rem.

## ORDER DENYING MOTION TO STRIKE

This matter comes before the Court on United States' Motion to Strike Claimant Andrew Garza's Claim to the Defendant Property. *Doc. 8.* The matter is fully briefed and a hearing has been held. *See docs. 9, 10, 11, 15.* Being fully advised, the Court will deny the motion.

On September 16, 2015, the United States initiated this civil forfeiture action against $40,101.00 in United States Currency, $1,263.00 in United States Currency, and a 2007 Chrysler 300, VIN: 2C3KA43R27H619362 (collectively Defendant Property). *See doc. 1.* On October 9, 2015, the United States sent a Notice of Complaint for Forfeiture against Property and a copy of the Verified Complaint for Forfeiture In Rem to Mr. Garza at Otero County Prison Facility, 10 McGregor Range Road, Chaparral, New Mexico 88001. *Doc. 8*, Ex. 1. The signed certified mail receipt indicates that the Notice of Complaint for Forfeiture against Property and a copy of the Verified Complaint for Forfeiture In Rem were delivered on October 13, 2015. *Id*. On October 9, 2015, the

United States also sent a Notice of Complaint for Forfeiture against Property and a copy of the Verified Complaint for Forfeiture In Rem to Margaret Strickland, Attorney for Mr. Garza, at 165 West Lucero Avenue, Las Cruces, New Mexico 88005. *See doc. 8*, Ex. 2. The signed certified mail receipt indicates that the Notice of Complaint for Forfeiture against Property and a copy of the Verified Complaint for Forfeiture In Rem was delivered on October 13, 2015. *Id*. As set forth in the Notice of Complaint for Forfeiture against Property, Mr. Garza was required to file a claim within 35 days of service of the Verified Complaint for Forfeiture In Rem, *i.e.*, by November 17, 2015. Doc. 8, Exs. 1, 3. On December 9, 2015, counsel for the United States advised Mr. Garza's attorney that her client was in default because he had failed to timely file a claim. Later the same day, Mr. Garza filed a delinquent claim to the Defendant Property as well as his Answer. *Docs. 6, 7*.

Rule G(5) sets forth the requirements for filing a claim in a civil forfeiture matter. Time restrictions for filing a claim are found in Rule G(5)(a)(ii), which states that "[u]nless the Court for good cause sets a different time, the claim must be filed . . . by the time stated in a direct notice sent under Rule G(4)(b)." Supp. R. G(5)(a)(ii)(A). Once the claim is filed, the claimant must file an answer within 21 days. Supp. R. G(5)(b). In addition, Rule G(8)(c)(i)(A) provides that, "[a]t any time before trial, the government may move to strike a claim or answer . . . for failing to comply with Rule G(5) or (6)." Supp. R. G(8)(c)(i)(A).

There is no dispute that Mr. Garza filed his claim 22 days late.[1]  *See doc. 8* at 2; *doc. 6*.  Numerous courts from nearly every federal jurisdiction have opined that the requirements set forth in the Supplemental Rules must be "strictly enforced."  *See United States v. $12,126.00 in U.S. Currency*, 337 F. App'x 818, 820 (11th Cir. 2009) ("We have emphasized that claimants must strictly adhere to the procedural requirements of the Supplemental Rules to achieve statutory standing to contest a forfeiture action."); *United States v. One Parcel of Prop.*, 959 F.2d 101, 104 (8th Cir. 1992) ("It is not an abuse of discretion for the district court to require strict compliance with Supplemental Rule C(6)."); *United States v. One Dairy Farm*, 918 F.2d 310, 312 (1st Cir. 1990); *United States v. U.S. Currency in the Amount of $2,857.00*, 754 F.2d 208, 212–13 (7th Cir. 1985); *United States v. One 1978 Piper Navajo PA–31 Aircraft*, 748 F.2d 316, 319 (5th Cir. 1984); *United States v. $5,565.00 in U.S. Currency*, No. 09–cv–2212–WDM–MEH, 2010 WL 4222047, at *1 (D. Colo. Oct. 20, 2010), adopting No. 09–cv–02212–WDM–MEH, 2010 WL 4256211 (D. Colo. Sept. 20, 2010) ("The requirements set forth in the Supplemental Rules 'must be strictly enforced.'") (citations omitted); *United States v. $25,790 in U.S. Currency*, No. AW–09–3283, 2010 WL 2671754, at *2 (D. Md. July 2, 2010) ("These requirements must be strictly enforced."); *United States v. Vehicle 2007 Mack 600 Dump Truck*, VIN 1M2K189C77M0362428, 680 F. Supp. 2d 816, 823 (E.D. Mich. Jan. 20, 2010) ("Generally,

---

[1] Claimant mistakenly states in his response to the motion that his claim was filed on December 10, 2015.  *Doc. 9* at 2.  However, the record indicates that the claim was actually filed on December 9, 2010.  *See doc. 6*.

courts have held claimants to strict compliance with the provisions of Rule G(5)."); *United States v. $1,437.00 in U.S. Currency*, 242 F. Supp. 2d 193, 195 (W.D.N.Y. 2002) ("Generally, strict compliance with the time periods of CAFRA and Rule C(6) is required.").

However, despite this emphasis on strict enforcement of the Rules, the Tenth Circuit has made clear that "the district court has discretion to extend the time in which a claimant must file a claim . . . ." *United States v. 51 Pieces of Real Prop. Roswell, N.M.*, 17 F.3d 1306, 1318 (10th Cir. 1994). Of course, this discretion is not unbounded and may only be exercised if "the goals underlying the time restriction and the verification requirement are not thwarted." *Id*. (citation and quotation omitted). According to the Tenth Circuit Court of Appeals, the goal of the time restriction is to "force claimants to come forward as soon as possible after forfeiture proceedings have been initiated so that all interested parties can be heard and the dispute resolved without delay," and the goal of the verification requirement is "to prevent false claims." *Id*. When considering whether these goals would be thwarted in a given circumstance, or perhaps in conjunction with that consideration, courts have weighed various factors including: (1) the length of delay; (2) the claimant's assertion of interest in the property before the forfeiture proceedings are completed or near a close; (3) the claimant's attempts to assert their interest in the property (even if done incorrectly); (4) whether the extension would thwart the purpose of the time restrictions (such as to prevent false claims); (5)

whether the government encouraged the delay or misguided the claimants; (6) whether the government will be severely prejudiced by an extension. *See United States v. 2007 Chrysler 300 Touring*, No. CIV 10-0246 JB WDC, 2011 WL 1119701, at *2 (D.N.M. Mar. 10, 2011); *United States v. $125,938.62*, 370 F.3d 1325, 1328-29 (11th Cir. 2004); *see also United States v. Borromeo*, 945 F.2d 750, 753 (4th Cir. 1991); *United States v. $48,000 U.S. Currency*, No. CIV.A. 06-10952, 2007 WL 1467158 (E.D. La. May 18, 2007); *United States v. $1,437.00 U.S. Currency*, 242 F. Supp. 2d 193 (W.D.N.Y. 2002).

The Court is unpersuaded that the goals underlying the time restriction and the verification requirement would be thwarted by permitting Mr. Garza's late claim to stand. Moreover, the relevant factors weigh heavily in favor of permitting the late claim. The delay here is a relatively short one. In fact, as Mr. Garza argues, if he had timely filed the claim on the 35th day and timely filed his Answer on the 21st day, the Answer would have been filed only one day earlier than it actually was. The brevity of the delay also means that Mr. Garza's claim was not made at the eleventh hour. While Mr. Garza's claim in this proceeding was late, he had properly asserted a claim contesting forfeiture of the same property in the prior administrative proceeding. The government has pointed to no prejudice resulting from the delay. Admittedly, Claimant does not argue that the government encouraged the delay or misguided Mr. Garza in any way. However, this single factor does not outweigh the others which support permitting the late claim.

Based on the forgoing, the Court will exercise its discretion to permit Mr. Garza's late claim and hereby DENIES United States' Motion to Strike Andrew Garza's Claim (*doc. 8*).

**IT IS SO ORDERED.**

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE
Presiding by Consent